# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

EVANSTON INSURANCE COMPANY,

               Plaintiff(s),

vs.

70 LIMITED PARTNERSHIP, et al.,

               Defendant(s).

Case No. 2:14-cv-01370-RFB-NJK

ORDER GRANTING MOTION TO STAY

(Docket No. 30)

      Pending before the Court is Defendants John Peter Lee, LTD.'s and John Peter Lee's ("JPLL Defendants") motion to stay, which they filed on an emergency basis. Docket No. 30. Plaintiff filed a response in opposition. Docket No. 36. Third-Party Defendant Harley E. Harmon Insurance Agency, Inc. filed a notice of non-opposition. Docket No. 40. The JPLL Defendants filed a reply. Docket No. 41. The Court finds this motion properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed more fully below, the motion to stay is hereby **GRANTED**.

**I.      FACTUAL BACKGROUND**

      The JPLL Defendants represented 70 Limited Partnership in an inverse condemnation proceeding. After that attorney-client relationship was terminated and after the inverse condemnation proceeding was resolved, 70 Limited Partnership filed a malpractice lawsuit against the JPLL Defendants in state court ("malpractice case"). *See* Compl. ¶ 8. Plaintiff initially defended the JPLL Defendants in the malpractice case pursuant to insurance policies issued to the JPLL Defendants. Docket No. 37 at ¶ 2. Plaintiff ultimately concluded that those policies were not implicated by the allegations of malpractice asserted,

however, and ceased defending the JPLL Defendants in the malpractice case. *See id.*; Compl. ¶ 15. The malpractice case continues, and has a trial date set for August 2015. *See* Docket No. 30-1 at ¶ 4. As of November 18, 2014, the JPLL Defendants had incurred more than half a million dollars in legal fees and costs in defending the malpractice case. *See* Docket No. 30-1 at ¶ 7.[1]

Plaintiff then filed the instant case in this court, seeking declaratory relief that it is not required to defend or indemnify the JPLL Defendants in relation to the malpractice case. *See* Compl. at ¶¶ 18-28. Shortly after the parties submitted a proposed discovery plan, which the Court entered, the JPLL Defendants filed the pending emergency motion to stay this case pending resolution of the malpractice case.

## II.   STANDARDS AND ANALYSIS

Courts have inherent power to stay the cases before them as a matter of controlling their own docket and calendar. *See Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936).[2] This power to stay is "incidental to the power inherent in every court to control the disposition of the causes of action on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* at 254. The movant bears the burden of showing that a stay is warranted. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997).

In exercising its discretion, the Ninth Circuit has outlined various factors to be considered:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer v. Mirant*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

---

[1] Plaintiff filed objections to certain portions of the declarations submitted by the JPLL Defendants in support of the motion to stay. Docket No. 38. The Court does not rely on any of the disputed portions of those declarations, and the objections are therefore **DENIED** as moot.

[2] A magistrate judge is authorized to determine motions to stay proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) as long as the resulting order does not effectively deny the ultimate relief sought in the case. *S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013); *see also PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 13-14 (1st Cir. 2010). Since the decision issued herein does not result in the denial of the ultimate relief sought in this case, the undersigned has the authority to determine the pending motion to stay.

In the context of a motion to stay a declaratory relief action brought by an insurer while an underlying action remains pending, courts have outlined several concerns that often inform the above analysis:

> The first concern is that by bringing the action for declaratory judgment regarding coverage, the insurer effectively attacks its insured and thus gives aid and comfort to the claimant in the underlying suit. The second concern is that the suit addressing insurance coverage forces the insured to fight a two-front war, thereby expending its resources fighting both the insurer and the third-party action, which undercuts one of the primary reasons for purchasing liability insurance. The third concern is the real risk that, if the declaratory relief action proceeds to judgment before the underlying action is resolved, the insure[d] could be collaterally estopped to contest issues in the latter by the results in the former.

*Federal Ins. Co. v. Holmes Weddle & Barcott P.C.*, 2014 U.S. Dist. Lexis 12456, *9-10 (W.D. Wash. Jan. 31, 2014) (quoting *Allied Prop. & Cas. Ins. Co. v. Roberts*, 2013 U.S. Dist. Lexis 132239, *9-10 (E.D. Cal. Sept. 12, 2013)). Against these concerns, the Court balances prejudice to the insurer that may come from a stay; namely, whether the insurer is prejudiced by having to pay defense costs that it may ultimately be found to have had no duty to pay. *See Continental Cas. Co. v. Global Allies, LLC*, 2012 U.S. Dist. Lexis 153023, *10 (E.D. Cal. Oct. 23, 2012).

    A.    Possible Damage from Granting a Stay

In the context of insurance coverage cases, if a stay is granted "an insurer may be prejudiced by having to pay defense costs in a case where there may be no duty to defend." *Continental Casualty*, 2012 U.S. Dist. Lexis 153023, at *10; *see also Federal Insurance*, 2012 U.S. Dist. Lexis 12456, at *8-9 (noting case law that an insurer has an interest in not continuing to represent an insured if no duty to defend exists). That is generally the primary concern motivating a denial of an insured's motion to stay in the context of an insurance coverage action. *See Continental Casualty*, 2012 U.S. Dist. Lexis 153023, at *11. In this case, however, such prejudice from continuing to defend the JPLL Defendants does not exist because Plaintiff has ceased defending them in the malpractice action.

Plaintiff also argues that it would be damaged by a stay in asserting that an "early adjudication of coverage issues would serve the legitimate purposes of all concerned" by clarifying the insurance coverage. Docket No. 36 at 14. This argument appears to boil down to a simple argument that staying this case will delay its resolution. Such a concern is outweighed by the inequity (as discussed below) in requiring the JPLL Defendants to move forward with this case at the same time the malpractice action is being litigated.

*See, e.g.*, *Continental Casualty*, 2012 U.S. Dist. Lexis 153023, at *11-12 (the prejudice to the insured in conducting a "two-front war" outweighed the prejudice to the insurer caused by delay).

   B. <u>Hardship or Inequity in Being Required to Move Forward</u>[3]

  The Court further finds that any possible damage to Plaintiff is outweighed by the hardship or inequity inherent in allowing this case to move forward. "An insured can be prejudiced by having to expend resources fighting with its own insurer while at the same time attempting to defend itself against liability that its insurance was presumably supposed to cover." *Continental Casualty*, 2012 U.S. Dist. Lexis 153023, at *10. Forcing an insured to battle both cases at the same time inures to the insurer's benefit, *Federal Insurance*, 2014 U.S. Dist. Lexis 12456, at *11,[4] and "effectively undercuts one of the primary reasons for purchasing liability insurance," *Allied Prop. & Cas. Ins. Co. v. Roberts*, 2011 U.S. Dist. Lexis 65803, *7 (E.D. Cal. June 21, 2011). Even when an insured's litigation expenses in the underlying action are being covered, an insured is still prejudiced by having to expend its other limited resources and time to litigate both cases simultaneously. *Continental Casualty*, 2012 U.S. Dist. Lexis 153023, at *11. Of course, the prejudice to the insured is amplified when the insurer is not defending the underlying action such that the insured must expend its own finances to defend the underlying action. *Cf. Carolina Cas. Ins. Co. v. Helsley*, 2011 U.S. Dist. Lexis 3353, *15-16 (E.D. Cal. Jan. 13, 2011).

  The JPLL Defendants argue that the equities weigh in their favor because, *inter alia*, they would be forced to wage a "two-front war" simultaneously absent a stay of this case:

> [The JPLL Defendants] are continuing to incur substantial defense fees and costs in both the instant action and the ongoing *Malpractice* action. [Mr. Lee is] 88 years old and cannot afford to incur defense fees and costs in both the instant action and the *Malpractice* action. . . . Moreover, the concurrent litigation of both actions is causing [Mr. Lee] to spend a substantial amount of time defending both lawsuits. Staying the coverage action would enable [him] to devote [his] time to the defense of the *Malpractice* action, which the litigation requires.

---

[3] The Court agrees with Plaintiff that the JPLL Defendants have failed to show that there would be significant overlapping factual issues between the instant case and the malpractice case. *See* Docket No. 36 at 11-12. Even absent such an overlap, the Court retains discretion to grant an insured's motion to stay when other factors militate in favor of doing so. *See Continental Casualty*, 2012 U.S. Dist. LEXIS 153023, at *9.

[4] Along the same lines, forcing the insured to engage in a two-front war can also be viewed as providing an indirect benefit to the insured's adversary in the underlying action. *Cf. Federal Insurance*, 2014 U.S. Dist. Lexis 12456, at *10-11.

Docket No. 30-1 at ¶ 8 (first subparagraph). As noted above, the JPLL Defendants have incurred more than half a million dollars in fees and costs in defending the malpractice case. *See* Docket No. 30-1 at ¶ 7. The Court finds in this case that forcing the JPLL Defendants to wage a "two-front war" is a significant hardship.

### C.   Orderly Course of Justice

Lastly, the Court finds that the interests of practicality and wise judicial administration also warrant staying this case. Plaintiff's complaint seeks a declaration that, *inter alia*, it does not have a duty to indemnify the JPLL Defendants. *See* Compl. ¶¶ 24-28. In the event the JPLL Defendants prevail such that there is a finding of no malpractice, that would obviate the need for this Court to determine whether Plaintiff owed the JPLL Defendants a duty to indemnify under the terms of the policies. Although that may not entirely resolve this case, it militates in favor of staying this case. *Cf. Continental Casualty*, 2012 U.S. Dist. LEXIS 153023, at *12.

### III.   CONCLUSION

For the reasons discussed, the Court finds that the relevant considerations favor staying this case pending resolution of the malpractice case. Plaintiff has failed to show meaningful damage if this case is stayed, the JPLL Defendants have shown significant hardship in having this case proceed, and staying this case is in the interest of the orderly course of justice. Accordingly, the motion to stay is hereby **GRANTED**. The parties are hereby **ORDERED** to submit a status report on March 2, 2015, and every 90 days thereafter, regarding the status of the malpractice case.

IT IS SO ORDERED.

DATED: December 5, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge